COLÓN ET AL., APPELLANTS, *v.* REGISTRAR OF CAGUAS,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Dominion Title.

No. 269.—Decided April 27, 1916.

DOMINION TITLE PROCEEDING—SUMMONS—RECORD OF TITLE.—According to article 395 of the Mortgage Law, it is an essential requisite in all dominion title proceedings to summon the person from whom the property is derived, and this detail must appear in the judgment for the purpose of its being recorded in the registry.

ID.—SUMMONS—PRESCRIPTION.—In dominion title proceedings the former owners or their legal representatives have a right to be heard, whether title was acquired by extraordinary prescription or in any other way. The only exception to the rule—an exception more apparent than real—is where the previous owner or his representative is unknown.

The facts are stated in the opinion.

*Mr. Eduardo Flores Colón* for the appellants.

The registrar appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Ramón Colón Aponte, in an *ex parte* proceeding for the establishment of title, was adjudged to be the owner of a certain parcel of land. The decree recited that the *fiscal* was cited in person; that persons unknown having any interest in the property or considering themselves prejudiced by the record of title sought to be obtained were cited by publication, and that quiet, peaceable, public and uninterrupted possession for more than fifty years was proven, but it does not show the name of the person from whom the property was acquired nor does it appear that such previous owner is unknown or that he was cited as required by law. The endorsement of the registrar upon the certified copy of the decree reads as follows:

"Admission to record of the foregoing document is denied because

it does not show that the former owner of the property was summoned in any way and his name is not even mentioned, and because, according to section 395 of the Mortgage Law and the decision of the Supreme Court of Porto Rico on page 128 of volume 20, it is an essential requisite in all dominion title proceedings to summon the person from whom the property proceeds. In lieu thereof, a cautionary notice for the term of 120 days is entered, etc., with the curable defect that the decision declaring the dominion title proven is not a final decision."

In *Ex parte Perrier*, 20 P. R. R. 119, this court said:

"We have frequently decided that the provisions of the law in regard to the citation of the *fiscal* and previous owners must be strictly followed. *Ex parte Pacheco*, 5 P. R. R. (2nd ed.), 160; *Ex parte Ramírez*, 7 P. R. R. 470; *Ex parte Castro*, 7 P. R. R. 474; *Calderón et al* v. *García*, 14 P. R. R. 407; *Sierra* v. *The Registrar of Property*, 14 P. R. R. 605; *Rivero et al.* v. *Hernández et al.* 18 P. R. R. 1001. The citation of the *fiscal* and previous owners are conditions precedent to the obtaining of a record title. Conditions precedent must generally be strictly followed."

Appellant insists that the rule does not apply to cases of acquisition by extraordinary prescription wherein neither good faith nor color of title is required. The argument, in assuming that title has vested by prescription, begs the vital question involved in the proceedings had before the district court. The previous owner or his legal representatives have as much right to be heard upon the questions of fact and of law involved in a case of alleged extraordinary prescription as in any other. The only exception implied in the statutory statement of the rule,—an exception which is more apparent than real,—is the case in which the previous owner or his legal representatives are unknown. In all cases, whether the notice be actual or constructive and regardless of the period of adverse possession or the manner of acquisition of title alleged, he or they must have their day in court. *Ubi lex non distinguit nec nos distinguere debemus.* The ruling of the registrar must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.